UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CLEARTALK-ZTE
ARBITRATION LITIGATION                                            MDL No. 2538

## ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendant ZTE USA, Inc. (ZTE USA) moves to centralize this litigation in the Middle District of Florida. The litigation consists of six actions pending in the Central District of California, the Eastern District of Missouri, the District of South Carolina, the Western District of Tennessee (two actions), and the Eastern District of Washington, as listed on the attached Schedule A.[1] Defendant ZTE Corp., ZTE USA's Chinese parent, supports the motion,[2] but plaintiffs in all six actions submitted a collective response in opposition.[3]

On the basis of the papers filed and the hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Admittedly, the actions do share a factual backdrop relating to alleged breaches by one or both ZTE defendants of certain agreements that they made to supply telecommunications equipment and services to plaintiffs for use in building cellular telephone networks in certain areas of five states – Florida, Tennessee, Missouri, Washington, and South Carolina. Section 1407, however, authorizes us to centralize actions only for "pretrial proceedings." *See* 28 U.S.C. § 1407(a). Here, as ZTE USA expressly acknowledges, an arbitration – *i.e.*, the trial

---

[1] As filed, the Section 1407 motion included three other actions, two in the Middle District of Florida, and one in the Eastern District of Missouri. In each of those actions, however, the subject plaintiff subsequently filed a notice of voluntary dismissal. While ZTE USA questions whether the dismissal of the earlier-filed of the two Florida actions (*PTA-FLA, Inc. v. ZTE USA, Inc.*, C.A. No. 3:11-00510) was effective, we believe that matter is better raised to the Florida court.

[2] Plaintiffs contend that ZTE USA is not authorized to seek centralization of the four actions to which it is not a party. This contention is not well taken. Section 1407(c) provides that "a" party in "any" action may move for transfer of "an" action – not just the action or actions in which the movant is a party. Indeed, we frequently consider, for example, motions for centralization brought by plaintiffs in a subset of the actions for which an MDL is sought. *E.g.*, *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, — F. Supp. 2d —, 2014 WL 6615989 (J.P.M.L. Feb. 18, 2014) (granting motion for centralization of 56 actions filed by plaintiff in just one of those actions).

[3] Plaintiffs are NTCH-WA, Inc., PTA-FLA, Inc., NTCH-West Tenn, Inc., Daredevil, Inc., Eric Steinmann, and Dolores Franco.

-2-

substitute – has already taken place.[4]  According to ZTE USA, the arbitrator's Final Award disposes of all claims in the cases.[5]  Thus, by ZTE USA's own admission, there are no "pretrial" activities remaining.

ZTE USA's purpose in seeking creation of an MDL is quite plainly to bring before one court plaintiffs' various efforts to vacate the Final Award and continue litigating against ZTE Corp., and to have that court determine the preclusive effect of the Final Award with respect to ZTE Corp.[6]  As we previously have stated, that purpose – the resolution of purely a legal issue or issues – is generally insufficient to warrant centralization.[7]  Here, especially given ZTE USA's express assertion that all pretrial proceedings in these actions already have been concluded, we find no compelling reason to depart from this general rule.

---

[4]   As described in the arbitrator's Final Award, the arbitration, which took place in Jacksonville, Florida, involved extensive discovery, including the exchange of close to 2000 exhibits and numerous depositions.  The hearing itself took place over ten days, after which the parties submitted post-hearing briefs and presented a full day of final argument.

[5]   *See* ZTE USA's Mem. in Supp. of § 1407 Mot., at 3 (ECF No. 1) ("The Final Award disposes of all claims in the Related Cases.").

[6]   *See* ZTE USA's Reply Mem. in Further Supp. of Its § 1407 Mot., at 6 (ECF No. 23) ("This Panel should not permit piecemeal attacks on the Final Award through motions to confirm or vacate in different courts.  Rather, all of the parties' arguments relative to the Final Award and its potential preclusive effect on the claims of the ClearTalk entities against ZTE Corp. should be considered by a single court.").  We note that after the issuance of the Final Award and prior to the purported dismissal of the Middle District of Florida action referenced in footnote 1, ZTE USA moved in that action to join those plaintiffs who participated in the arbitration and to confirm the Final Award.

[7]   *See, e.g.*, *In re:  Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (denying centralization of ten actions involving primarily a legal question, stating:  "Although movant seeks efficiencies through centralized treatment of this legal question, '[m]erely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization.'") (quoting *In re: Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009)); *In re Aegon USA, Inc., Supplemental Cancer Ins. Litig.*, 571 F. Supp. 2d 1369, 1370 (J.P.M.L. 2008) (denying centralization of seven actions, where the key issue – the proper interpretation of the term "actual charges" in certain insurance policies – was "legal rather than factual").

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the motion for centralization of these actions is denied.

                                                        PANEL ON MULTIDISTRICT LITIGATION

                                                                 John G. Heyburn II
                                                                     Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

IN RE: CLEARTALK-ZTE
ARBITRATION LITIGATION                                           MDL No. 2538

## SCHEDULE A

<u>Central District of California</u>

ERIC STEINMANN, ET AL. v. ZTE CORPORATION, ET AL., C.A. No. 5:11-01578

<u>Eastern District of Missouri</u>

DAREDEVIL, INC. v. ZTE CORPORATION, C.A. No. 4:12-01166

<u>District of South Carolina</u>

PTA-FLA v. ZTE CORPORATION, C.A. No. 3:12-02616

<u>Western District of Tennessee</u>

NTCH-WEST TENN, INC. v. ZTE USA, INC., C.A. No. 1:11-01169
NTCH-WEST TENN, INC. v. ZTE CORPORATION, C.A. No. 1:12-01172

<u>Eastern District of Washington</u>

NTCH-WA, INC. v. ZTE CORPORATION, ET AL., C.A. No. 2:12-03110